DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 4:07 CR 378 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| Jamal R. Burley, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant has filed a pro se motion for a two level reduction in the calculation of his guideline sentencing after the imposition of his sentence by the Court on February 27, 2008. (*See* Docket No. 24).

The government has filed a brief in opposition contending that the defendant got the benefit of the two level reduction for the calculation of the offense level as to those charges involving crack cocaine. (*See* Docket No. 26).

The presentence report in this case at page six recited the base offense level as follows:

> **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 21 U.S.C. § 841 is found in U.S.S.G. § 2D1.1. According to the Offense Conduct section, this defendant's criminal activity involved 245.5 grams of cocaine base "crack". The offense level specified in the **Drug Quantity Table** under U.S.S.G. § 2D1.1(c)(3), sets a Base Offense Level of 34.     32
>
> **Specific Offense Characteristic:** None.     0
>
> **Victim-Related Adjustments:** there are no identifiable victims in this case, but when illegal drugs are distributed in a community, society suffers as a whole.     0

(4:07 CR 378)

| | |
|---|---:|
| **Adjustments for Role in the Offense:** None. | <u>0</u> |
| **Adjustment for obstruction of Justice:** None. | <u>0</u> |
| **Adjusted Offense Level (Subtotal):** | **<u>32</u>** |
| **Adjustment for Acceptance of Responsibility:** Pursuant to U.S.S.G. § 3E1.1(a), the offense level is reduced by two. | <u>-2</u> |
| **Adjusted Offense Level:** | **<u>30</u>** |
| **Chapter Four Enhancements:** None. | <u>0</u> |
| **Total Offense Level:** | **<u>30</u>** |

The transcript of the sentencing hearing (Docket No. 27) recites the following relevant discussion:

> THE COURT: So if I can just quickly turn to page 6, the offense level is calculated as a 32 based upon criminal activity involving 245.5 grams of cocaine base, crack. I see that it says the base offense level is 34, but it says 32. Has there been an adjustment made because of the crack amendment?
>
> MR. SASSE: Yes. That'a typo where it says 34. It was 34 before the recent amendment. So 32 is the correct number.
>
> THE COURT: 32 takes into consideration the recent amendment?
>
> MR. SASSE: It does.
>
> THE COURT: All right.
>
> MR. PALOMBARO: Yes, it does.
>
> THE COURT: And then there is an acceptance of responsibility reduction of two levels to 30.
>
> And then does the government have a 5k1 motion?

(4:07 CR 378)

>MR. SASSE:  We do, your Honor.  We move for a three-level reduction based upon the defendant's cooperation with regard to other investigations and his willingness to testify against his codefendant when his codefendant -- if his codefendant, and when, he is ever caught.
>
>THE COURT:  And the 5k1 motion is absolutely necessary to get this case below the mandatory minimum of ten years; is that correct?
>
>MR. SASSE:  Correct, you Honor.
>
>MR. PALOMBRO:  Correct, your Honor.
>
>THE COURT:  Well, the Court will grant the 5K1 motion for a downward departure and depart three levels.  And that gives us a sentencing range of 78 to 97 months, as I understand it.  Would counsel agree?
>
>MR. PALOMBARO:  Yes, your Honor.
>
>MR. SASSE:  Yes, your Honor.
>
>THE COURT:  Does the government have a sentencing recommendation?
>
>MR. SASSE:  Something within the range.
>
>THE COURT:  All right.  Do you want to speak on behalf of your client?
>
>MR. PALOMBARO:  Yes, your Honor, very briefly.  You might recall that this case involved a vacation of a prior plea.  My client had been incarcerated and was being held at the Northeastern Ohio Correctional Association, we call it CCA, in Youngstown which is a federal holding facility, was approached by an inmate who I call them in Court, known as a jailhouse attorney, made a mistake, and he paid dearly for it.  It cost him one point on acceptance of responsibility.
>
>Other than that, my client has been 100 percent cooperative with me.  He fully admitted his mistake almost within a week after the

(4:07 CR 378)

>Court had appointed me and he withdrew his plea.  We have had a
>good rapport.  He understands the sentencing range.  He
>understands that the Court can sentence him to the range of 78 to
>97 months and accepts that as a statement and would ask the Court
>to sentence within the guideline range, preferably at the low end.

The Court has examined the November 1, 2007 Sentencing Guidelines Manual at page 139, a copy of which is attached as Appendix I, and it reflects that the base offense level for the defendant's criminal activity, i.e., 245.5 grams of crack cocaine, was 32.  Previously, the November 1, 2006 Sentencing Guidelines Manual at page 135, a copy of which is attached hereto as Appendix II, designated the offense level as 34 for at least 150 grams, but less than 500 grams, of cocaine base.  As a consequence, the defendant received the two level reduction in the downward adjustment in the calculation of the offense level dealing with cocaine base.

The defendant's offense level was reduced by a 5K1.1 departure which resulted in the defendant no longer being subjected to the mandatory minimum sentence of ten years.  The new sentencing range, based on the 5K1.1 departure, provided for a sentencing range of 78 to 97

4

(4:07 CR 378)

months. The defendant received a sentence of 78 months.

Against the foregoing background, the defendant's pro se motion for a reduction of his sentence is DENIED.

The clerk is directed to forward a copy of this opinion to the defendant by mail at his address as reflect on the record.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 6, 2008 |  */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |